PFINGSTEN v. PERKINS.

(City Court of New York, Trial Term. April 23, 1903.)

1. BENEFICIAL ASSOCIATIONS—CONSOLIDATION—RIGHTS OF MEMBERS.
The constitution of the Cigarmakers' International Union provides that the union will pay $350 on the death of a member who has been such for at least 10 years, and $550 on the death of a member who has been such for 15 years. The agreement under which such union was consolidated with the Cigarmakers' Progressive Union provided that the members of the latter should be accepted "in the same standing" as they had in their own organization, without payment of any initiation fee, and should be allowed the same benefits as in their own organization. *Held*, that on the death of a member of the International Union, who had become such through the consolidation more than 10 years before his death, and whose membership in the International Union and in the Progressive Union had extended over 15 years, his beneficiary was not entitled to $550.

Action by Johanna Pfingsten against George W. Perkins, as president of the Cigarmakers' International Union of America. Motion to set aside a verdict for plaintiff, and motion to dismiss the complaint. Motions granted.

August P. Wagner, for the motions.
Frank Herwig, opposed.

SEABURY, J. This action is to recover a balance of $200 of a death benefit alleged to have become due on the death of the husband of the plaintiff. On July 17, 1882, the plaintiff's husband became a member of the Cigarmakers' Progressive Union, and continued as such until 1886, when this union was consolidated with the Cigarmakers' International Union of America. Section 146 of the constitution of the Cigarmakers' International Union provides that this union will pay $350 upon the death of a member who has been such for at least 10 consecutive years, and $550 upon the death of a member who has been such for at least 15 consecutive years. The plaintiff's husband having been a member of the defendant union for over 10 consecutive years, the defendant has paid to the plaintiff $350. The plaintiff, however, contends that she is entitled to receive, in addition to this sum, $200, claiming that the four years preceding the consolidation of the unions, during which time her husband was a member of the Cigarmakers' Progressive Union, should be considered as membership in the defendant union, and thus she is entitled to receive the benefit which the defendant agreed to pay upon the death of those who have been members of this union for fifteen consecutive years. Paragraph 3 of the articles of agreement under which the Cigarmakers' International Union and the Cigarmakers' Progressive Union were consolidated provides as follows:

"All the members of the Cigarmakers' Progressive Union having joined their organization before July 24, 1886, shall be accepted in the same standing as they held on the above date in their own organization, without the payment of any initiation fee, and they shall be allowed the same benefits in the International Union as they were entitled to in their own organization."

The decision of this case turns upon the construction to be given to this clause. Counsel for the plaintiff contends that under this clause members of the Progressive Union were "accepted in the same standing as they held * * * in their own organization," and that, therefore, they are entitled in the International Union to the benefits secured to its members under its constitution. I do not think that the whole clause, when read together, is susceptible of this construction. If this had been the intention of those drawing the articles of agreement, it is to be presumed that they would have used language which would have expressed this intent. The language actually employed not only does not give expression to this intention, but, it seems to me, actually negatives it. Thus it provides that the members of the Progressive Union are accepted in the same standing, not as other members of the International Union, but "as they held * * * in their own organization." It seems, therefore, to be clear that no intention existed of conferring upon the members of the Progressive Union the same benefits as those to which the members of the International Union were entitled, but that the purpose was merely to preserve unimpaired by the consolidation the rights to which they were entitled as members of the Progressive Union. These rights were to be secured to the members of the Progressive Union in the International Union "without the payment of any initiation fee"; and, lest the meaning of this clause should not be entirely clear, the provision goes on to state that "they [the members of the Progressive Union] shall be allowed the same benefits in the International Union as they were entitled to in their own organization." To construe this clause to mean that the members of the Progressive Union were to enjoy all the benefits to which members of the International Union were entitled under the constitution of the latter would be to depart from the plain meaning of the language used. No proof was offered upon the trial to show what benefits members of the Progressive Union were entitled to receive, and no basis exists upon which the verdict for the plaintiff can be sustained.

The motion to set aside the verdict is granted, as is also the motion to dismiss the complaint. The plaintiff will be allowed 10 days' stay and 30 days to make a case.